UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13-CR-00150 SI |
| Plaintiff, | **ORDER OF DETENTION OF DEFENDANT JAMES NEUFELD** |
| v. | |
| JAMES NEUFELD a/k/a THEODORE BENNER, | |
| Defendant | |

ORDER OF DETENTION OF DEF. NEUFELD
13-CR-000150 SI

Defendant James Neufeld ("Defendant") made his initial appearance on March 25, 2013 to be arraigned on a grand jury indictment charging him with an offense under 21 U.S.C. § 841(a)(1). At that time, the United States moved to detain Defendant pursuant to 18 U.S.C. § 3142(f)(2)(A). Magistrate Judge Nathanael M. Cousins set the matter for a hearing on March 29, 2013. Magistrate Judge Nandor J. Vadas continued the hearing until April 1, 2013.

On April 1, 2013, the parties came before this Court for a hearing on the Government's motion to detain Defendant. Assistant United States Attorney Adam Wright appeared on behalf of the United States. Assistant Federal Public Defender Brandon LeBlanc appeared on behalf of Defendant. The Government requested pretrial detention of Defendant, submitting that no condition or combination of conditions would reasonably assure his appearance because he presented a serious risk of flight. Defendant opposed this request. Pretrial Services in the Southern District of California, where Defendant was initially arrested, submitted a report recommending release with various conditions. The Court held substantive hearings on April 1st, 4th, and 5th regarding the motion.

Having thoroughly considered the oral arguments of counsel and the Pretrial Services Report, and for the reasons set forth below, the Court finds that the Government has proven by a preponderance of the evidence that Defendant is a serious flight risk, and that no condition or combination of conditions will reasonably assure his appearance. 18 U.S.C. § 3142(e). This finding is based on Defendant's risk of flight, not his potential of danger to the community, which was not the basis for the Government's motion for detention. 18 U.S.C. § 3142(f)(2)(B).

The Court finds that the facts support a finding that Defendant presents a serious risk of flight based on the factors identified in Bail Reform Act ("BRA"). In accordance with the BRA, the Court considered the following factors, which are as follows: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

/ / /

ORDER OF DETENTION OF DEF. NEUFELD
13-CR-000150 SI

1    Based on the following facts, the Court concludes that Defendant presents a serious risk of flight,
2    and that no conditions or combination of conditions will sufficiently mitigate that risk and assure
3    Defendant's appearance in court:
4    (1) The nature and circumstances of the offense are serious. Defendant is charged with
5    possession with intent to distribute more than one gram of lysergic acid diethylamide (LSD). This
6    offense carries a statutory minimum of five years of imprisonment and a statutory maximum of 40 years
7    of imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(B)(v).
8    (2) The weight of the evidence against Defendant is substantial, although 25 years has elapsed
9    since the time of the alleged offense. Defendant was found by a California Highway Patrol officer with
10   two vials containing LSD on February 14, 1988. These vials contained 9.6 grams of LSD, at 99%
11   purity, which constitutes approximately 96,000 doses. The Government has proffered that witnesses
12   will be able to testify as to the Defendant's possession of the LSD as well as its chemical composition.
13   This factor, however, is the least important in the Court's detention determination.
14   (3) With respect to Defendant's history and character, Defendant has been a fugitive for more
15   than 20 years. After his arrest in February 14, 1988, Defendant was charged with possession of
16   narcotics for purposes of sale, a violation of California Health & Safety Code § 11350. The
17   Government proffered that a court in Marin County set bail at $1,000,000, and a third party posted
18   $1,000 in order to satisfy this bail and assure Defendant's appearance on the charges. Nevertheless,
19   Defendant failed to appear on the state charges and, in fact, fled after his release from Marin County.
20   During the period when Defendant was at large on the state charges, federal charges were
21   brought against Neufeld based on the same incident as had previously been charged in Marin County.
22   Filed on February 10, 1992, the federal complaint alleged that Neufeld possessed LSD with the intent to
23   distribute, in violation of 21 U.S.C. § 841(a)(1). Shortly after this complaint was filed, Neufeld was
24   declared a fugitive, a status he held for 20 years. There is no evidence, however, that Neufeld was aware
25   of the federal charge although the Court finds that he was aware of and hid from the state charges.
26   Defendant was arrested on February 6, 2013 in Carslbad, California, where he was living as
27   "Theodore Benner." The Government has proffered that, on that date, "Benner" sold three grams of

ORDER OF DETENTION OF DEF. NEUFELD
13-CR-000150 SI

cocaine to an undercover DEA agent and, after "Benner" consented to a search of the house where he was living, agents found another 45 grams of cocaine. After his arrest, law enforcement officers took his fingerprints and learned that "Benner" was, in fact, Neufeld.

The United States Marshals arrested Defendant on February 20, 2013. Neufeld admitted to living under a false identity since the 1990s and stated that he had bought a book on how to do so. He admitted to possessing a fake birth certificate, driver's license, and bank cards. The Government has proffered that Neufeld also used a false Social Security Number belonging to another individual.

During the period of detention after his arrest, Defendant engaged in a number of conversations that were recorded and raise concerns for the Court. For example, in a call from February 22, 2013, Defendant asked his girlfriend to contact "our Old McDonald," whom he stated he had given "a bunch of trees." He also asked that this individual contact "Alex" who "knows how to . . . deal with those trees . . . because . . . I think our window is going to close at some point." Although an innocent explanation for these conversations may exist, the Court was not satisfied with the explanation given during the hearings in this matter. Such use of "code" raises concerns that Defendant is concealing something – whether they are narcotics or assets or something else – that further increases the chance that he will flee again if he is released.

Based on the foregoing conduct, Defendant presents a serious flight risk. He fled after facing state charges on the same conduct in 1988, despite a high bail amount and a third party posting money on his behalf. He was a fugitive for over 20 years. He lived under a false identity for more than two decades. He was only found after selling cocaine to an undercover agent – conduct on which he now faces state charges. He has engaged in recorded jail conversations that suggest activities that are, at the very least, suspicious. All of these factors make the Court concerned that the Defendant would abscond again, especially given his age and the significance of the potential sentence on the current charges.

Information from the Pretrial Services Report also supports the conclusion that Defendant is a serious flight risk. For the Court, the most significant factor is Defendant's involvement with the use and sale of drugs. Based on the Pretrial Services Report, Defendant uses methamphetamine on an occasional and recreational basis, including as recently as December 2012. This drug use – a concern in

ORDER OF DETENTION OF DEF. NEUFELD
13-CR-000150 SI

and of itself – becomes more serious when it is paired with the allegations that Defendant has also recently sold drugs. Defendant's recent involvement with using and selling drugs despite his knowledge that such activity placed his fugitive status at risk suggests that Defendant, despite his current intentions, might decide to flee prosecution if he is released.

The Court appreciates the willingness of Defendant's long-time girlfriend to serve as a surety and custodian. While she is willing to post substantial assets, the Court is not satisfied that Defendant would not flee if the Court allowed her to serve as a surety or custodian. The Court's concern is based on a number of factors: Defendant's past behavior, when he fled despite a third party posting an asset to secure his release; Defendant's demonstrated pattern of deception regarding his identity and past conduct; and Defendant's lack of employment or family ties to the area. Although the Court does not believe that the surety would flee with Defendant, the Court is concerned that Defendant would do so in light of his past conduct and his recent illegal drug activity.

For the foregoing reasons, the Court finds that the Government has met its burden by showing by a preponderance of the evidence that Defendant is a serious flight risk, and that that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Accordingly, the Court ORDERS the Defendant detained pending trial.

IT IS SO ORDERED.

Dated: April 9, 2013

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

ORDER OF DETENTION OF DEF. NEUFELD
13-CR-000150 SI